UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH WARREN CLIFTON,

      Petitioner,

v.                                    CASE NO. 6:10-cv-539-Orl-36KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

**<u>ORDER</u>**

      Petitioner, through counsel, initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 35). Petitioner filed a reply to the response (Doc. No. 12), a memorandum of law in support of the reply (Doc. No. 13), and a supplement in support of grounds twelve and thirteen of his petition (Doc. No. 14)

      Petitioner alleges fourteen claims for relief. However, as discussed hereinafter, the Court finds that the petition is untimely and must be denied.

**I.**    *Procedural History*

      Petitioner was charged by information with four counts of arson of a dwelling (App.

A at 1-2).  After a jury trial, Petitioner was convicted as charged on August 4, 2005.  *Id.* at 113-16.   The trial court sentenced Petitioner to concurrent twenty-year terms of imprisonment for each count.  *Id.* at 131-35.  Petitioner appealed, and on May 2, 2006, the Fifth District Court of Appeal affirmed *per curiam* (App. E).

On May 15, 2007,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. G).  The trial court summarily denied the motion (App. H).  Petitioner appealed and then moved to dismiss the appeal (App. P).  The appellate court granted the motion and dismissed the appeal on April 24, 2008 (App. Q).   Petitioner subsequently filed a second Rule 3.850 motion for post-conviction relief on November 6, 2008 (App. R).  The trial court dismissed this motion as successive (App. S).  Petitioner appealed, and on February 10, 2009, the Fifth District Court of Appeal affirmed *per curiam* the trial court's dismissal (App. T).  Mandate issued on March 4, 2009 (App. U).

Petitioner filed a third Rule 3.850 motion on January 5, 2009 (App. V), which was dismissed as successive (App. W).  Petitioner filed a motion to supplement the Rule 3.850 motion on February 28, 2009 (App. X), which the trial court treated as a new Rule 3.850 motion (App. Y).  The trial court dismissed the successive motion on April 3, 2009 (App.

---

[1]This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

2

Y).  The appellate court affirmed *per curiam* (App. Z).  Mandate issued on July 22, 2009

(App. AA).

Finally, Petitioner filed a fifth Rule 3.850 motion on May 12, 2009 (App. BB).  The

trial court dismissed the motion as successive (App. CC).  The Fifth District Court of

Appeal affirmed *per curiam* (App. DD).  Mandate issued on December 3, 2009 (App. FF).

The federal habeas petition was filed on April 6, 2010 (Doc. No. 1).

**II.     *Petitioner's Habeas Corpus Petition Is Untimely***

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment of
a State court.  The limitation period shall run from the latest of --

    (A)     the date on which the judgment became final by the
consideration of direct review or the expiration of the time for
seeking such review;

    (B)     the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws
of the United States is removed, if the applicant was prevented
from filing by such State action;

    (C)     the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if that right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

    (D)     the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

(2)     The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period

of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance of Petitioner's convictions and sentences on May 2, 2006.[2] Petitioner then had ninety days, or through July 31, 2006, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3).[3] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on July 31, 2006, and Petitioner had through July 31, 2007, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.850 motion on May 15, 2007. A total of 288 days of the one-year limitations period elapsed before

_____

[2]Respondents assert that Petitioner's judgement of conviction became final on December 12, 2006. However, the per curiam affirmance of Petitioner's judgment and sentences was issued by the Fifth District Court of Appeal on May 2, 2006. Additionally, a search of the appellate court's online docket indicates that December 12, 2006, was the date the appellate court affirmed the denial of a Rule 3.800 motion filed by Petitioner. The Rule 3.800 motion, order of denial, and appellate court opinion are not a part of the appendix before this Court. Nevertheless, even if December 12, 2006, is used as the date Petitioner's judgment of conviction became final, the petition is still untimely filed by 19 days.

[3]In *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-56 (2012), the Supreme Court held that if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional 90 days for filing a petition for writ of certiorari. Although Petitioner did not seek review with the Supreme Court of Florida, the Court finds that *Gonzalez* is distinguishable because the Supreme Court of Florida does not have jurisdiction to review a district court's *per curiam* decision on direct appeal. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006). Thus, because filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile, Petitioner was not required to file such a petition to toll the one-year limitations period for ninety days.

Petitioner filed this motion. The time for filing a federal habeas petition was tolled from May 15, 2007, through April 24, 2008, the date Petitioner's appeal was dismissed by the appellate court. *See Westmoreland v. Hetzell*, 840 F. Supp. 2d 1275, 1278-79 (N.D. Ala. 2011) (stating the limitations period begins to run from the date a prisoner voluntarily dismisses an appeal); *Mitchell v. Att'y Gen., Fla.*, No. 8:08-cv-466-T-30TGW, 2008 WL 2385064, at *1 (M.D. Fla. June 9, 2008). Petitioner had 77 days remaining of the one-year limitations period, or until July 14, 2008, in which to file his federal habeas petition. The instant federal habeas petition was not filed until April 6, 2010, and therefore, was untimely filed.

The Court is aware that Petitioner filed several other Rule 3.850 motions in the state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the instant petition was not timely filed and must be denied.

A. *Factual Predicate that Could Not Have Been Discovered With Due Diligence*

Petitioner argues that his petition is not untimely filed because the one-year limitations period should run from the date upon which the facts supporting his *Brady*[4]

---

[4]*Brady v. Maryland*, 373 U.S. 83 (1963) (requiring prosecutor to disclose evidence favorable to defendant).

5

and *Giglio*[5] claims were discovered through the exercise of due diligence.  28 U.S.C. §

2244(d)(1)(D).  Petitioner alleges that in December 2008, he paid to obtain a copy of the

prosecutor's file, which he received in January 2009 (Doc. No. 12 at 5).  Upon receipt of the

file, Petitioner discovered a copy of a Home Depot store receipt issued at 12:33 p.m. on

December 23, 2003, and a building permit issued by the local municipality showing plans

for alterations to Petitioner's home.  Petitioner contends that these items are exculpatory

and would have supported his defense that he could not have started the fire because he

was not home during the relevant time period.  *Id.* at 6.  Moreover, Petitioner asserts that

the State improperly argued in its closing argument that there was no building permit in

evidence and no receipts to prove Petitioner's defense.  *Id.* at 8.

Section 2244(d)(1)(D) provides that the one-year statute of limitations for filing a

federal habeas petition commences on "the date on which the factual predicate of the claim

. . . presented could have been discovered through the exercise of due diligence."  *See*

*Scarlett v. Sec'y, Dep't of Corr.*, 404 F. App'x 394, 400 (11th Cir. 2010).  Due diligence means

a petitioner must show "some good reason why he or she was unable to discover the facts"

at an earlier date.  *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).  Mere allegations that

the applicant did not actually know the facts underlying a claim is insufficient to show due

diligence.  *Id.* The inquiry is "whether reasonable investigation . . . would have uncovered

the facts the applicant alleges are 'newly discovered.'"  *Id.* (citation omitted).  Federal

---

[5]*Giglio v. United States*, 405 U.S. 150 (1972) (a conviction obtained through the knowing use of perjured testimony is fundamentally unfair and a violation of due process).

courts are to make this "determination on a case-by-case basis and consider whether, under the circumstances presented, the petitioner should have been expected to take actions which would have led him to the information." *Frederick v. McDonough*, No. 06-80278-CIV, 2010 WL 3769436, at *6 (S.D. Fla. May 6, 2010).

Petitioner has not demonstrated that he could not have discovered the evidence from the State's litigation file earlier than December 2008.   Contrary to Petitioner's allegations, the evidence Petitioner discovered in the State's litigation file was known to him at the time of trial.   Petitioner was aware of the receipts in the State's file because he testified at trial that he had Home Depot receipts which proved he was not in his home at the time the fire started (App. A at 398).   Petitioner also testified that he provided the store receipts to law enforcement personnel.   *Id.* at 399.   Additionally, the building permit was known to Petitioner at the time of trial because he testified that he had received this document (App. A at 3710).   Further, the permit is not an exculpatory document. Testimony at trial provided that the permit was issued so Petitioner could demolish the porch structure he was building because he did not have a permit to initiate the project (Doc. No. 13, Ex. A; App. A at 53, 87-89).

To the extent Petitioner maintains he was not aware of these documents at the time of trial, the Court concludes that Petitioner could have discovered them prior to December 2008.   The State's file was available pursuant to Florida's public records law after Petitioner's convictions were affirmed by the Fifth District Court of Appeal on May 2, 2006. *See Roesch v. State*, 633 So. 2d 1, 2 (Fla. 1993) ("certain portions of the state attorney's

investigation file are public records under chapter 119 once a defendant's conviction and sentence become final.") (citations omitted).  However, Petitioner waited more than two years after his conviction became final to request the State's file.  Petitioner has not demonstrated that he acted diligently in this matter.  *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner."); *Heard v. Cain*, No. 06-3207, 2007 WL 763691, at *3 (E.D. La. Mar. 9, 2007) (holding the petitioner did not act diligently in discovering the factual predicate for his *Brady* claim when he waited more than one and one half years to request the district attorney's case file even though pursuant to Louisiana law, the file was subject to disclosure after the underlying criminal conviction became final).

The Court concludes that the factual predicate of Petitioner's *Brady* and *Giglio* claims could have been discovered before December 2008 because it was known at the time of trial.  *See Willis v. Jones*, 329 F. App'x 7 (6th Cir. 2009) (holding a *Brady* claim is not time barred under § 2244(d)(1)(B) if a petitioner could not have discovered the facts underlying the *Brady* claim earlier with the exercise of due diligence).  Therefore, the untimely petition will not be excused pursuant to § 2244(d)(1)(D).

B.      *Equitable Tolling*

Petitioner alleges that his advanced age (Petitioner was 76 years old at the time of conviction), his diminished mental capacity, and his lack of legal assistance prevented him from learning that he could make a public records request and from timely filing his

8

federal habeas petition. Petitioner states that he is wholly dependent on his attorneys and inmate law clerks to litigate his case, and thus, the limitations period should be equitably tolled.

Factors such as a petitioner's ignorance of the law, lack of education, incarceration, and pro se status are not considered extraordinary circumstances that would excuse an untimely federal habeas petition. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (holding that while the petitioner's lack of education may have delayed his efforts to seek post-conviction relief, his procedural ignorance does not excuse untimely filing); *Joubert v. McNeil*, No. 08-23374-CIV, 2010 WL 451102, at *5 (S.D. Fla. Feb. 8, 2010) (petitioner's claim that he was pro se and lacked education to timely file his federal habeas petition was not considered an extraordinary circumstance warranting equitable tolling).

Despite Petitioner's incarceration, pro se status, and advanced age, the record demonstrates that he was able to file a pro se Rule 3.850 motion on May 15, 2007, and prosecute his appeal until he decided to voluntarily dismiss it. Petitioner's ability to litigate pro se in the state court is evidence that Petitioner could have sought the State's litigation file prior to December 2008 and filed a timely federal petition. Petitioner is not entitled to equitable tolling on the basis that he was pro se, untrained in the law, and relied on inmate law clerks for help. Any of Petitioner's allegations that attempt to excuse his

failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III.   Certificate of Appealability

A prisoner seeking to appeal a  district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus filed by Joseph Warren Clifton (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2.     Petitioner is **DENIED** a certificate of appealability.

3.     The Clerk of the Court is directed to close this case.

10

**DONE AND ORDERED** in Orlando, Florida, this 27th day of August, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 8/27
Counsel of Record
Joseph Warren Clifton

11